IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ANGELA BERNHARDINE GALLO** *Individually and as Personal Representative of the Estate of* **BASILIO GALLO, Deceased, and LISA ANTONIETTA LIESELOTTE GALLO,** *Individually* <br><br> Plaintiffs, <br><br> VS. <br><br> **AIR & LIQUID SYSTEMS CORPORATION** (*sued individually and as successor-by-merger to* **BUFFALO PUMPS, INC.**)**,** a Pennsylvania Corporation with its principal place of business in the State of Pennsylvania; <br> **A.W. CHESTERTON COMPANY,** a Massachusetts Corporation with its principal place of business in the State of Massachusetts; <br> **CARNIVAL CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS CARNIVAL CRUISES LINES,** a Foreign Corporation with its principal place of business in the State of Florida; <br> **ELLIOTT COMPANY (***sued individually and as successor-in-interest to* ELLIOTT TURBO MACHINERY COMPANY, INC.), a Delaware Corporation with its principal place of business in the State of Pennsylvania; <br> **FLOWSERVE CORPORATION** (*sued individually and as successor-in-interest to* ALDRICH PUMP COMPANY), a New York Corporation with its principal place of business in the State of Texas; <br> **FLOWSERVE US, INC.** (*sued individually and as successor-in-interest to* EDWARD VALVES), a Delaware Corporation with its principal place of business in the State of Texas; <br> **FMC CORPORATION** (*sued individually and as successor-in-interest to* NORTHERN PUMP COMPANY *and as successor-in-interest to* J.S. COFFIN PUMP COMPANY), a Delaware Corporation with its principal place of business in | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **CAUSE NO. 4:23-cv-137** |

the State of Pennsylvania; §
**FOSTER WHEELER ENERGY** §
**CORPORATION**, a Delaware Corporation with §
its principal place of business in the State of New §
Jersey; §
**FOSTER WHEELER LLC**, a Delaware §
Corporation with its principal place of business in §
the State of New Jersey; §
**GENERAL ELECTRIC COMPANY**, a New §
York Corporation with its principal place of §
business in the State of Maryland; §
**GOULDS PUMPS LLC** *f/k/a* GOULDS PUMPS, §
INCORPORATED, a Delaware Corporation with §
its principal place of business in the State of New §
York; §
**GUARD-LINE, INC.**, a Texas Corporation with §
its principal place of business in the State of Texas; §
**IMO INDUSTRIES, INC.** (*sued individually and* §
*as successor-in-interest to* DELAVAL STEAM §
TURBINE COMPANY and DELAVAL, INC.) a §
Delaware Corporation with its principal place of §
business in the State of Delaware; §
**ITT LLC** (*sued individually and as successor-in-* §
*interest to* ITT CORPORATION f/k/a ITT §
INDUSTRIES, INC. *successor to* BELL & §
GOSSETT PUMP CO.), an Indiana Corporation §
with its principal place of business in the State of §
Connecticut; §
**MCNALLY INDUSTRIES, LLC** (*sued* §
*individually and as successor-in-interest to* §
MCNALLY INDUSTRIES, INC. and FMC §
CORPORATION, *successor-in-interest to* §
NORTHERN PUMP CO.) a Wisconsin §
Corporation with its principal place of business in §
the State of Wisconsin; §
**PARAMOUNT GLOBAL**, *f/k/a* VIACOMCBS §
INC. *f/k/a* CBS CORPORATION *f/k/a* VIACOM, §
INC. *successor-by-merger with* CBS §
CORPORATION *f/k/a* WESTINGHOUSE §
ELECTRIC CORPORATION)(*successor-in interest* §
*to* BF STURTEVANT); a Delaware §
Corporation with its principal place of business in §
the State of New York; §
**REDCO CORPORATION** *f/k/a* CRANE CO., a §
Delaware Corporation with its principal place of §
business in the State of Connecticut; §

2

|  |  |
|---|---|
| **TEXACO, INC.** (*sued individually and as successor-in-interest to* MOHAWK PETROLEUM CORPORATION, INC., THE TEXAS COMPANY *and* GETTY OIL COMPANY); a Delaware Corporation with its principal place of business in the State of California; **TEXACO OVERSEAS HOLDINGS INC.**, a Delaware Corporation with its principal place of business in the State of California; **WARTSILA NORTH AMERICA, INC.**, a Maryland Corporation with its principal place of business in the State of Texas;<br><br>         Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### DEFENDANT CARNIVAL CORPORATION'S NOTICE OF REMOVAL

Defendant Carnival Corporation ("Carnival" or "Defendant", pursuant to 28 U.S.C. §§ 1331, 1441(c), and 1446, and 9 U.S.C. § 205, preserving defenses under Rule 12(b)(1-7) and without waiving any of its defenses, gives notice of removal of this case from the 11th District Court of Harris County, Texas, and from the 28th District Court of Nueces County, Texas, and in support thereof, would show the Court as follows:

### I.
### INTRODUCTION

1.      Plaintiffs Angela Bernhardine Gallo, Individually and as Personal Representative of the Estate of Basilio Gallo, Deceased, and Lisa Antionietta Lieselotte Gallo, Individually ("Plaintiffs") filed this action for alleged personal injuries under the Jones Act and general maritime law against Carnival and approximately 29 other defendants in the 28th District Court of Nueces County, Texas, on December 2, 2022, and the case was assigned cause number 2022DCV-4533-A ("Nueces County Case").

2.	Pursuant to a Notice of Transfer Under Rule 13 of the Texas Rules of Judicial Administration ("Multidistrict Litigation"), the Nueces County Case was transferred on January 10, 2023 to the 11th District Court of Harris County, Texas, and it was assigned Case No. 2023-01561 ("Harris County Case").  Pursuant to Texas Rule of Judicial Administration 13.5, the transfer of the Nueces County Case to the Asbestos MDL Pretrial Court in the 11th District Court of Harris County was effective upon filing of the notice on January 10, 2013.  Therefore, the Harris County Case is in the state court where the case being removed is pending.

3.	This Court occupies the district and division embracing the place where Plaintiffs' case is pending.  *See* 28 U.S.C. § 1441(a) and § 1446(a).

4.	This Notice of Removal is timely filed pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1446.

## II.
## BASIS FOR REMOVAL

5.	This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question).  The claims against Carnival fall under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"), 9 USC § 201 et seq.  9 USC § 203 states such claims are federal questions over which the "district courts of the United Sates shall have original jurisdiction."  The Convention also instructs: "the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States."  9 USC § 205 ("Removal of Cases From State Courts").  Where a suit contains federal law claims and state claims, the Removal statute holds the "entire action may be removed." 28 U.S.C. § 1441(c)(1)(B) "Joinder of Federal Law Claims and State Law Claims." Federal law permits the removal of a lawsuit whose subject matter relates to an arbitration agreement falling under the Convention.  Plaintiff Basilio Gallo, a citizen of Italy, agreed in his

Seafarer's Officer's Agreement to arbitrate any and all disputes arising out of or in connection with his employment and service aboard the vessels.

6. Pursuant to 28 U.S.C. § 1441(c)(2), none of the other defendants are required to join in or consent to this removal.

### III.
### JURY DEMAND

7. Plaintiff demanded a jury in the state court action.

### IV.
### DOCUMENTS FILED WITH THIS NOTICE

8. Pursuant to Southern District of Texas Local Rule 81, Defendant Carnival files the following documents with the court:

| | |
|---|---|
| Exhibit A | An index of matters being filed with this notice (pursuant to Local Rule 81.5); |
| Exhibit B | Plaintiff's Original Petition in the state court case (pursuant to Local Rule 81.2); |
| Exhibit C | The docket sheet in the state court case (pursuant to Local Rule 81.4); |
| Exhibit D | A list of all counsel of record, including addresses, telephone numbers, and parties represented in the state court case (pursuant to Local Rule 81.6); |
| Exhibit E | A copy of the Notice of Removal to Federal Court to be filed with the state court; |
| Exhibit F | A copy of all executed process served on defendants on file in the state court (pursuant to Local Rule 81.1) and all pleadings asserting causes of action and answers to such pleadings on file in the state court (pursuant to Local Rule 81.2). |

Defendant does not file any orders signed by the state judge (pursuant to Local Rule 81.3) because the judge has not yet signed any orders.

## V.
## CONCLUSION

Defendant Carnival Corporation removes this case from the 11th District Court of Harris County, Texas and from the 28th District Court of Nueces County, Texas, to this Court.

Respectfully submitted,

**HOLMAN FENWICK WILLAN USA LLP**

*/s/ Michael J. Wray*
Michael J. Wray
TBN: 24052191
Fed Id.:381651
Michael.Wray@hfw.com
5151 San Felipe, Suite 400
Houston, Texas 77056
Telephone: (713) 917-0888
Facsimile: (713) 953-9470

**ATTORNEY-IN-CHARGE FOR DEFENDANT CARNIVAL CORPORATION**

**OF COUNSEL:**
**Holman Fenwick Willan USA LLP**
James T. Brown
Texas Bar No. 03138150
Fed Id.: 11656
jim.brown@hfw.com
Christopher R. Hart
Texas Bar No. 09136310
Fed Id.: 12517
Chris.hart@hfw.com
5151 San Felipe, Suite 400
Houston, Texas 77056
Telephone: (713) 917-0888
Facsimile: (713) 953-9470

## CERTIFICATE OF SERVICE

A true and correct copy of *Defendant's Notice of Removal* was served via ECF on 13th day of January 2023:

*/s/ Michael J. Wray*
Michael J. Wray